**Helinda JIMENEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24698.**

United States Court of Appeals
Fifth Circuit.

June 26, 1968.

Marian S. Rosen, Clyde W. Woody, Woody & Rosen, John P. Farra, Houston, Tex., for appellant Helinda Jimenez on appeal only.

James R. Gough, Gerald Applewhite, Asst. U. S. Attys., Morton L. Susman, U. S. Atty., Houston, Tex., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

PER CURIAM:

Appellant Helinda Jimenez was convicted on two counts of unlawful possession, concealment, and transportation of a narcotic drug, heroin, in violation of 21 U.S.C. § 174, and sentenced to 10 years in prison. She waived jury trial and the case was tried to the court alone.[1]

The evidence established that the Houston City Police received a call from an informant that a shipment of heroin would be picked up at a certain time and location in Houston, Texas. The United States narcotics agents were then called in to investigate, whereupon they found a brown paper bag at the place indicat-

---

1. Appellant's accomplice also appealed but has voluntarily abandoned his appeal.

ed, containing narcotics. They waited until appellant arrived in an automobile driven by an accomplice and the vehicle stopped and appellant picked up the package. Prior to appellant picking up the bag of narcotics at the appointed place, the officers who found the bag marked it for identification and performed a field test on the substance to determine that it was a narcotic drug. They then returned the bag to its original place after which appellant was observed picking it up and was arrested later, in possession of the bag, by the officers who followed her to her apartment. She consented to a search of her apartment where additional narcotics were found. At the trial appellant and her accomplice were represented by the same attorney.

 Under Section 174, whenever the defendant is shown to have possession of the narcotic drug, "such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." We are convinced that the evidence amply establishes the guilt of appellant and that her possession of the narcotic drugs was clearly established, thereby applying the statutory presumption of guilt unless appellant explains the possession to the satisfaction of the court. The defendant offered no evidence on the merits of the case at the trial. We are unable to agree, under the circumstances, with appellant's contention that the officers and agents had exclusive possession of the drugs prior to her picking them up.

Appellant complains that she is entitled to know the identity of the informant, but we have held that the Government is privileged to withhold the name of the informant on the substantial grounds of public policy unless a defendant would be prevented from making his defense without knowledge of the informant's identity. Firo v. United States, 5 Cir., 1965, 340 F.2d 597. The record reveals only that the informant contacted the police and informed them that the pickup of narcotics was to take place, but is otherwise silent as to participation by the informant in the transaction itself. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957); Portomene v. United States, 5 Cir., 1955, 221 F.2d 582; Miller v. United States, 5 Cir., 1959, 273 F. 2d 279.

The trial judge inquired of counsel whether there was a conflict of interest between the two defendants and, being assured that there was none, nevertheless asked the two defendants if they were satisfied to have one attorney between them. They stated they were agreeable that the same attorney should represent both defendants. Nor is it apparent that there was any prejudice whatsoever as a result of having the same counsel. We are satisfied that there was no error below in the conviction of this defendant and that the conviction must, therefore, be affirmed.