**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arthur O. HUMPHREY, Defendant-**
**Appellant.**

**No. 71–1632**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1972.

Rehearing Denied March 6, 1972.

---

\* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**684**

A. J. McNamara, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Patrick McGinity, Mary Williams Cazalas, Asst. U. S. Attys., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant Humphrey was convicted on both counts of a two-count indictment of violating narcotic laws.[1]

The single assignment of error on this appeal is that the district court erred in not requiring the government customs agent to reveal under cross-examination the full particulars of its informer's connection with the transaction so that defendant could know whether he had a right to disclosure of the informer's identity. This contention is without merit. This court has held that the government is privileged to withhold the name of the informant on the substantial grounds of public policy unless defendant would be prevented from making his defense without knowledge of informant's identity. United States v. Acosta, 5 Cir. 1969, 411 F.2d 627; Jimenez v. United States, 5 Cir. 1968, 397 F.2d 271. The record reveals only that the informant contacted the customs agents and informed them that the pickup of narcotics was to take place, but is otherwise silent as to participation by the informant in the transaction itself. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Jimenez v. United States, supra; Miller v. United States, 5 Cir. 1959, 273 F.2d 279.

Since no part of the guilt determination process for this defendant was related to any role the informer may have had in the crime, the court correctly ruled that no further inquiry into the informer's activity would be permitted.

Affirmed.

---

1. Count One charged Humphrey with knowingly and fraudulently importing heroin in violation of Title 21, Section 174; Count Two charged with knowingly and fraudulently causing to be imported marijuana in violation of Title 21, Section 176a.