**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmie DAVIS, Defendant-
Appellant.**

No. 73-2692

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Murray M. Silver, Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

BELL, Circuit Judge:

Appellant was convicted after a jury trial on a two-count indictment charging distribution of heroin and cocaine in violation of 21 U.S.C.A. § 841(a)(1). His only contention on appeal is that the government should have disclosed the identity of a confidential informer who introduced narcotics agents to a man they identified as the appellant, and who was present during the transactions for which appellant was convicted. The informer did not otherwise participate in the sales transaction, and the actual bargaining, payment and receipt of the drugs were accomplished by two government agents. These same agents were the only prosecution witnesses at the trial.

Appellant testified in his own behalf, as the sole defense witness and denied having participated in the transaction. He also denied ever having been nicknamed "Coon," the name which the informer used when making the initial contact for the agents. His principal defense, as developed during cross-examination of the government agents, was the possibility that they had in fact dealt with a different man, one who indisputably was commonly known as "Coon."

Appellant utilizes two theories to support the contention that the informer's identity should have been disclosed. First, he argues that under Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, the informer's identity was potentially exculpatory information that should have been disclosed. However he misconstrues *Brady*. That case does not justify a defense fishing expedition whenever it is possible that exculpatory information may be discovered. Rather, it deals with prosecutorial misconduct in

the form of withholding information which itself is material to exculpating the defendant or impeaching government witnesses. See also Giglio v. United States, 1972, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104. This could be a *Brady* case only if the informer would in fact materially contradict or impeach the agent's testimony. Since that is not the situation before us,[1] appellant must rely on his second theory, based on Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

■ *Roviaro* governs requests for identification of confidential informers. It recognizes that informer anonymity contributes to effective law enforcement and therefore is to be accorded conditional protection. One condition is that disclosure of an informer's identity will be required if it would be "relevant and helpful to the defense of an accused, or . . . essential to a fair determination of a cause . . . ." 353 U.S. at 60–61, 77 S.Ct. at 628, 1 L.Ed.2d at 645. While numerous cases have considered the problem, we have found none that clearly control this case. On the one hand, relief has been denied in situations where the informer's role has been less important to the criminal transaction than is true here. See e. g., United States v. Humphrey, 5 Cir., 1972, 456 F.2d 683 (informer did nothing save notify that a narcotics pickup was to take place, and was not present when it did); United States v. Acosta, 5 Cir., 1969, 411 F.2d 627 (similar to *Humphrey*). On the other hand, in every case granting relief the informer's role has been more critical than here. See e. g., Roviaro v. United States, *supra* (informer made the purchase, and was the only witness who could testify as to whether the defendant knew a package contained heroin, and if so whether he had been entrapped); United States v. Jiminez-Serrato, 5 Cir., 1971, 451 F.2d 523 (informer's testimony necessary to establish mens rea); Gilmore v. United States, 5 Cir., 1958, 256 F.2d 565 (informer not only introduced narcotics agent to the defendant, but also was the only witness to the conversation between defendant and agent which connected defendant to drugs subsequently placed in agent's car); Portomene v. United States, 5 Cir., 1955, 221 F.2d 582 (cited in *Roviaro*) (informer made the purchase charged in the indictment).

■ In applying *Roviaro* to this case we conclude that the district court properly denied appellant access to the informer's identity. In doing so we are aware that, as in *Gilmore, supra,* the informer was present at the transactions and that he doubtlessly contributed to the "atmosphere of confidence," *Gilmore, supra,* 256 F.2d at 567, necessary to induce appellant to deal with the agents. However, and unlike *Gilmore,* we are at a loss as to how disclosure would have contributed to appellant's case. As noted above, his only defense was misidentification by the government agents—if he was properly identified there is no question that he in fact knowingly distributed narcotics to the agents. In support of this identification we find in the record that the agents corroborated each other's testimony, that they had been in close contact with appellant on two occasions, that the descriptions entered in their reports of the two transactions are consistent with appellant's physical appearance, that appellant has a tattoo they observed during the first transaction, that the other individual known as "Coon" is much shorter than appellant, that appellant is the registered owner of an automobile used during the transactions, and that appellant could not recall having loaned his automobile on those occasions.

■ In these circumstances we do not believe that disclosure would have been helpful to appellant's defense or essential to a fair determination of his guilt. We are assuming of course that all material information is before this court

---

1. The relation to this case of prosecutorial misconduct, either actual or alleged, is discussed in the concluding paragraph of this opinion.

and that the prosecution has complied with its *Brady* duties. That is, we are assuming that the informer would not materially contradict or impeach the agents. This assumption is appropriate inasmuch as appellant in the court below neither requested that the prosecution disclose exculpatory information nor questioned the prosecution's compliance with its independent duty to make such disclosures. If appellant now doubts that *Brady* has been satisfied his recourse is under § 2255. We hasten to add, however, that nothing before this court suggests either that such misconduct has taken place or that appellant believes it has.

Affirmed.