THE STATE OF NEVADA, APPELLANT, *v.* DIETER KARL STIGLITZ, AND DAVID LYNWOOD ARNDT, RESPONDENTS.

No. 9654

April 6, 1978                                              576 P.2d 746

---

*Robert List,* Attorney General, Carson City; and *George E. Holt,* District Attorney, Clark County, for Appellant.

*Peter L. Flangas,* Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

In the instant appeal, we reverse a district court order which dismissed an information because the State failed to produce an informant for interview.

Respondents Stiglitz and Arndt were charged with Conspiracy to Receive Stolen Property. *See* NRS 199.480. As the preliminary hearing transcript reveals, an informant introduced an undercover police officer to Stiglitz for the purpose of selling stolen T.V. sets. In truth, the sets had not been stolen, but merely loaned to the police in order to expose a fencing operation. Following sale of the sets to Arndt, police seized them pursuant to a search warrant, and arrested respondents.

After arraignment, respondents moved to compel discovery of inculpatory as well as exculpatory evidence, seeking: (1) statements of all those interviewed by the State, whether intended as witnesses or not; (2) all statements made by "agents of the State"; (3) tape recordings and memoranda made by any person to "agents of the State"; (4) statements and recordings made by respondents; (5) investigatory memoranda; (6) the criminal records of all State witnesses; and (7) the identity of all informers, along with their production for interview.

After a hearing, the court ordered the district attorney to answer the discovery requests in writing. In its first answer, the State provided some of the requested information, including all police reports, the name of the informant and his address at a Massachusetts prison, and the informant's arrest record. However, the State initially refused to answer other interrogatories, claiming they sought information not discoverable. After a

new motion and hearing, at which counsel drew the court's attention only to the unanswered requests for written information, the court again ordered complete compliance. Again, the State failed to answer fully, and omitted to bring the informant from Massachusetts for interview.

At the next hearing, the court directed the State to comply fully and "bring [the informant] back . . . because I ordered it," allowing two weeks to produce the informant or have the information dismissed. At the final hearing, the State informed the court that efforts to locate the informant had been fruitless, because he had jumped bail in Massachusetts. The court thereupon dismissed the information. We find the court abused its discretion, and reinstate the information.

There is no doubt respondents had the right to some of the requested discovery, see NRS 174.245,[1] and the State insists it complied by providing all exculpatory evidence. See Brady v. Maryand, 373 U.S. 83 (1963). However, we focus attention solely on the informant question, since apparently the court dismissed the information only after, and because, the State failed in its ultimate, good faith endeavor to produce the informant for interview.

Our legislature has given the State a privilege not to disclose an informant's identity, subject to certain qualifications. See NRS 49.335, NRS 49.355, NRS 49.365.[2] By substantial authority, the identity of an informant need not be revealed where he

[1]NRS 174.245 provides:

Upon motion of a defendant the court may order the district attorney to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, upon a showing of materiality to the preparation of his defense and that the request is reasonable. Except as provided in subsection 2 of NRS 174.235 [confessions] and NRS 174.087 [alibis], this section does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by state agents in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses (other than the defendant) to agents of the state.

[2]NRS 49.335 provides:

The state or a political subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished to a law enforcement officer information purporting to reveal the commission of a crime.

NRS 49.355 provides, in pertinent part:

No privilege exists under NRS 49.335 . . . if the identity of the informer or his interest in the subject matter of his communication has been disclosed by a holder of the privilege or by the informer's own action, or if the informer appears as a witness.

NRS 49.365 provides:

If the state or a political subdivision elects not to disclose the identity of an informer and the circumstances indicate a reasonable probability that the informer can give testimony necessary to a fair determination of the issue of guilt or innocence, the judge shall on motion of the accused dismiss the proceedings, and he may do so on his own motion.

merely introduces a government agent to the defendant. Such an informant has been held not to be a material witness, because he can neither supply information constituting a defense nor rebut a necessary element of an offense. United States v. Quinn, 540 F.2d 357 (8th Cir. 1976); United States v. Davis, 487 F.2d 1249 (5th Cir. 1973); United States v. Clark, 482 F.2d 103 (5th Cir. 1973); *see also* United States v. Leon, 487 F.2d 389 (9th Cir. 1973); United States v. Humphrey, 456 F.2d 683 (5th Cir. 1972); *cf.* Jones v. State, 93 Nev. 287, 564 P.2d 605 (1977); Miller v. State, 86 Nev. 503, 471 P.2d 213 (1970); Adams v. State, 81 Nev. 524, 407 P.2d 169 (1965). Here, the informant merely supplied police with knowledge of respondents' alleged fencing operation, and then introduced an undercover agent to Stiglitz. He had no demonstrated involvement in the actual negotiation and sale of the television sets.

Therefore, it may well be, as the State contends, that the court initially erred by requiring the State to reveal the informant's identity, and that the court compounded this error when it ordered his production for interview. *Cf.* Jackson v. State, 522 P.2d 1286 (Wyo. 1974). We need not, however, reach the question of whether the discovery order was overbroad and erroneous in these particulars. Even if that be so, we are not ready to hold that the State would be entitled to defy such an order. Continued defiance might be punishable for contempt. *See* NRS 22.010. Moreover, our decision today should not be read as holding that intransigent defiance, until a trial court ultimately loses patience and dismisses charges, is an appropriate means by which to frame appellate issues concerning criminal discovery.

The fact that the discovery order may well have been erroneous and overbroad does, however, explain why the State delayed in complying with some of its facets. Furthermore, as to the arguably erroneous part which required the informant's production, the prosecutor clearly had bowed to the court's order and had attempted to comply, before the court dismissed the proceedings. It appears, therefore, that here the prosecutor cannot be deemed guilty of willful or contemptuous disobedience, and, even where production is properly mandated, we think the State need only use reasonable efforts to locate the informant. *See* United States v. Cervantes, 542 F.2d 773 (9th Cir. 1976).

Therefore, in these circumstances, the State having in good faith attempted to comply, we deem it an abuse of discretion to

dismiss the charges against respondents. *Cf.* Finkelman v. Clover Jewelers Blvd., Inc., 91 Nev. 146, 532 P.2d 608 (1975).

Reversed and remanded.

BATJER, C. J., and MOWBRAY, MANOUKIAN, and ZENOFF,[3] JJ., concur.