THE STATE OF NEVADA, Appellant, *v.*
LARRY LAMB, Respondent.

No. 13340

December 22, 1981                    637 P.2d 1201

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *Melvyn T. Harmon* and *Raymond D. Jeffers,* Deputy District Attorneys, Clark County, for Appellant.

*Stewart L. Bell,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The state appeals from a district court order granting respondent Larry Lamb's petition for a writ of habeas corpus and dismissing a murder indictment.

On the morning of December 24, 1980, Sergeant Raeder of the Las Vegas Metropolitan Police Department responded to a dispatch to a Christmas tree lot in Las Vegas. A man, later identified as Lee McCambridge, was found dead of gunshot wounds inside a trailer on the lot. Nearby sat respondent, Larry Lamb. Larry's brother, Darwin Lamb, was also present. Sergeant Raeder advised respondent of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and engaged him in a brief conversation about the circumstances surrounding McCambridge's death.

The state filed a criminal complaint charging Larry Lamb with murder and use of a deadly weapon in the commission of a crime. At the preliminary hearing, the state apparently expected Sergeant Raeder to testify that Lamb admitted shooting McCambridge, but the officer did not do so. Despite the seriousness of the charge, the prosecutor had neglected to discuss with Sergeant Raeder the substance of his testimony prior to the preliminary hearing. A breakdown in communication between the District Attorney's investigator and the responsible prosecutor resulted in the failure to subpoena several witnesses, including respondent's brother, Darwin Lamb. The state did not move for a continuance pursuant to Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), in order to subpoena these witnesses, but proceeded with the preliminary hearing.

The justice court dismissed the charges against respondent based upon the state's failure to link respondent with the *corpus delicti.* Approximately three weeks later, the state sought and obtained a murder indictment from the Clark County Grand Jury. Before the grand jury, testimony was elicited from both Sergeant Raeder and Darwin Lamb, respondent's brother, that Larry Lamb had admitted shooting McCambridge.

Respondent filed a petition for a writ of habeas corpus. Following an evidentiary hearing, the trial judge affirmed the magistrate's finding that the evidence at the preliminary hearing was insufficient to establish probable cause to hold Lamb for trial. In addition, the trial court concluded that the indictment subsequent to the preliminary hearing was precluded because the state had displayed " 'conscious indifference' to rules of procedure affecting the rights of the Defendant in connection with the preliminary hearing. . . ." Citing State v. Austin, 87 Nev. 81, 83, 482 P.2d 284, 285 (1971).

We have repeatedly held that if the original proceeding has been dismissed because the prosecution has wilfully disregarded or displayed a conscious indifference to procedural

rules, the state is barred from re-charging a defendant by indictment pursuant to NRS 178.562(2). McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973); Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970). Our past decisions have been premised on our belief that "criminal accusations should proceed or terminate on principles compatible with judicial economy, fair play and reason. . . ." McNair v. Sheriff, *supra,* at 438, 514 P.2d at 1177.

Conscious indifference is a factual determination. Johnson v. Sheriff, 89 Nev. 304, 511 P.2d 1051 (1973). A showing of conscious indifference does not require intentional acts or "calculated bad faith" by the prosecution. *Austin, supra,* at 83, 482 P.2d at 285. Nonetheless, the dereliction must be greater than that shown in the instant case. The prosecution was arguably remiss in its handling of the Lamb preliminary hearing and perhaps exercised poor judgment; however, in contrast to *Austin* and *McNair, supra,* the prosecutorial failures here do not support the trial court's determination that the state was consciously indifferent to procedural rules affecting defendant's rights.

Accordingly, we reverse the trial court's grant of the writ and remand this action to the district court with instructions that it reinstate the grand jury indictment.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.