THE STATE OF NEVADA, Appellant, v. PETER ALEXANDER TAPIA, Respondent.

No. 22471

July 22, 1992                                            835 P.2d 22

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Appellant.

*John C. Morrow,* Acting Public Defender and *Jane McKenna,* Deputy Public Defender, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Peter Tapia (Tapia) was arrested for embezzling $950.00 from the Peppermill Hotel-Casino (Peppermill) in Reno between March 17, 1990, and May 13, 1990.[1] The State charged that Tapia, a hotel clerk, would accept money from a hotel guest, keep it for himself, and then reflect the transaction as a "comp" (a complimentary room) on the Peppermill's records.

On June 24, 1991, the first day of trial, Tapia made an oral motion in limine to dismiss the charges because the State had not provided him with a "precursor document." This document listed the Peppermill employees to whom Tapia had attributed authorization for the comps. Tapia argued that without the precursor document, the State could not connect the subsequent documents, which were computer spreadsheets showing patrons who had been comped, with the precursor document showing to whom Tapia had allegedly attributed authorization for the comps.

Tapia had, however, received a document with similar infor-

---

[1]The original information charged that the embezzlement occurred from June 3, 1990, to July 2, 1990. However, after the Peppermill and the State reduced the list of alleged embezzlements to ten, the dates of the alleged embezzlements were changed to coincide with these ten instances. These changes, to which the defense agreed, were reflected on the amended information.

mation, and it is undisputed that the State did not have the precursor document during the first day of trial. Furthermore, Tapia's counsel and the trial court both acknowledged that the absence of the precursor document was not the fault of the State. However, the prosecutor admitted that he had not made an affirmative attempt to obtain any additional documents. After hearing Tapia's motion in limine, the trial court ruled in favor of the State and allowed the case to continue, but reserved to Tapia the right to renew the motion. On the morning of the second day of trial, the Peppermill delivered the precursor document to the prosecutor, who immediately delivered it to Tapia. Tapia renewed his motion to dismiss based upon a violation of the discovery order which allowed Tapia to "discover, inspect and copy everything in the State's file."

The Peppermill's custodian of records was prepared to testify for the State that certain handwritten names of the Peppermill employees who allegedly authorized the comps on the subsequent documents were identical to the names in the precursor document. This, the State argued, made the subsequent document, which the State had previously given to Tapia, admissible with the handwritten notations intact. The State also argued that it was prepared to go to trial with or without the precursor document. However, it is unclear whether the State was prepared to go to trial without the handwritten information included on the subsequent documents. Although the admissibility of the handwritten notations was a principal issue at trial, neither side addressed the question on appeal.

The trial court ruled in favor of Tapia's motion in limine, and dismissed the case. The court held that the document was a precursor document with respect to the computer spreadsheets and excluded it under NRS 174.295, which places parties under a continuing duty to disclose additional material. The court reasoned that the State had violated the discovery order. Also, the district court ordered a dismissal because it believed that without the precursor document the State's case was weak.

On appeal, the State argues that the trial court should have admitted the precursor document. The alleged person authorizing the comp could then testify as to whether he actually authorized the transaction. Because many people are authorized to approve comps at the Peppermill, such testimony would be difficult to elicit without reliance upon the precursor document.

A casino record is admissible if "kept in the course of an activity which is regularly conducted by a gaming licensee or hotel." NRS 52.405(2); *see also* NRS 52.415 and NRS 51.135. Because the precursor document itself was kept in the regular

course of the casino business, we conclude that it is admissible under the casino records exception to the hearsay rule.

The custodian's handwritten notations, however, were added in preparation for trial. The State attempted to justify the admission of the handwritten notations on the grounds that the custodian of records would verify them under NRS 52.415. However, this statute speaks to the authentication of a *"copy* [which] is a true and complete reproduction of the original record of a hotel or casino." NRS 52.415 (emphasis added). Because the handwritten notations do not fall under the casino records exception to the hearsay rule, we conclude that they are inadmissible.

The State also asserts that the trial court erred in dismissing the case on the basis of a violation of the discovery order. The State contends that because the delayed production of the document was not its fault, it did not breach the order. However, the prosecutor admitted that he failed to request any additional documents. We conclude that the district court could properly determine that the prosecutor had not exercised due diligence in obtaining the documentation from the Peppermill and that the court acted within its discretion in determining that the discovery order had been violated.

The State further contends that even if it breached the discovery order, the proper remedy was either a short continuance or a trial without the precursor document. When a discovery order has been violated, NRS 174.295 allows the trial court to "permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such order as it deems just under the circumstances." However, where the State's non-compliance with a discovery order is inadvertent and the court takes appropriate action to protect the defendant against prejudice, there is no error justifying dismissal of the case. Maginnis v. State, 93 Nev. 173, 176, 561 P.2d 922, 923 (1977); *see also* Lopez v. State, 105 Nev. 68, 77-79, 769 P.2d 1276 (1989) (defendant's late receipt of reports did not warrant mistrial where defense received documents at same time as prosecution and there was no showing of intentional withholding of the evidence from defendant); Langford v. State, 95 Nev. 631, 635-36, 600 P.2d 231, 234-35 (1979) (absent showing of bad faith by State or unalleviated prejudice to the defendant, trial court properly denied motion for mistrial).

In State v. Stiglitz, 94 Nev. 158, 576 P.2d 746 (1978), this

court overturned a trial court's decision to dismiss charges after a showing that the State had violated a discovery order. This court stated that "the State having in *good faith attempted to comply,* we deem it an abuse of discretion to dismiss the charges." *Id.* at 161-62, 576 P.2d at 748 (emphasis added).

In the instant case, the State was unaware of the missing precursor document until the first day of trial. Furthermore, when the State realized its error, it immediately retrieved the information and forwarded it to Tapia. We conclude that the district court's dismissal was an extreme remedy unwarranted under the circumstances. Also, the relative strength or weakness of one party's case should not have been a critical factor in determining this motion to dismiss. Therefore, we conclude that it was an abuse of discretion for the court to exclude the precursor document and to dismiss the case based upon a violation of the discovery order and the court's determination that the State's case was weak. The State acted in good faith and Tapia would not have been unfairly prejudiced by the admission of the document. However, we conclude that the custodian's handwritten notations were inadmissible as hearsay. Thus, we reverse and remand for further proceedings in accordance with this opinion.