**DISTRICT OF COLUMBIA, Appellant,**

v.

**Jamil L. WHITLEY, Appellee.**

**No. 07–CT–211.**

District of Columbia Court of Appeals.

Argued Sept. 20, 2007.
Decided Oct. 25, 2007.

Sidney R. Bixler, Assistant Attorney General, with whom Linda Singer, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Rosalyn Calbert Groce, Deputy Solicitor General, were on the brief, for appellant.

Donna L. Biderman for appellee.

Before FARRELL and KRAMER, Associate Judges, and NEWMAN, Senior Judge.

KRAMER, Associate Judge:

The appellant, Jamil L. Whitley, was charged by the District of Columbia in a three-count indictment with the felony of fleeing a police officer and with the misdemeanors of reckless driving and driving an unregistered motor vehicle. He subsequently pleaded guilty to a lesser misdemeanor charge of fleeing a police officer, as well as to the misdemeanor of operating an unregistered motor vehicle. His sentencing was set for 9:30 a.m. on January 10, 2007. At that time no prosecutor appeared for the District, and the courtroom clerk represented that the prosecutor had called to inform the court that he was before another judge. Thus the sentencing was continued until 11:00 a.m. At 12:20 p.m., when the case was re-called and the prosecutor was still not present, the court *sua sponte* dismissed it, stating: "The case is dismissed for want of prosecution. . . . There's no Government to prosecute the case." Almost immediately thereafter, the prosecutor appeared, explaining that he had been before the other judge all morning. The court, however, did not vacate the dismissal.

The District of Columbia brings this appeal pursuant to section 23–104(c) of the District of Columbia Code, which provides: "The United States or the District of Columbia may appeal an order dismissing an indictment or information or otherwise terminating a prosecution in favor of a defendant . . . as to one or more counts thereof, except where there is an acquittal on the merits." Because there has been no acquittal on the merits, we conclude that this appeal is authorized by section 23–104(c), because the trial court's dismissal of the charges terminated the prosecution "in favor of [the] defendant." That is so even though the dismissal order did not bar re-prosecution for the charges, that is, the dismissal was not, to use the courtroom term, "with prejudice." [1] *See also United States v. Maye,* 675 A.2d 57, 59 n. 2 (D.C.1996); *United States v. Cummings,* 301 A.2d 229, 231 (D.C.1973). Indeed, because the judge dismissed the case *sua sponte* after jeopardy had attached, that is, after the defendant had pleaded guilty, *see*

---

1. As a general matter, where, as here, dismissal is not on the merits, but rather on procedural grounds, and the trial court does not specify whether dismissal is with prejudice, dismissal is presumed to be without prejudice. *See, e.g., Caribbean Broad. System, Ltd. v. Cable & Wireless PLC,* 331 U.S.App. D.C. 226, 148 F.3d 1080, 1090–91 (1998).

*Purcell v. United States,* 594 A.2d 527, 532 (D.C.1991), the result was tantamount to a dismissal with prejudice. As both sides agree, the bar to double jeopardy would pose a substantial obstacle to any refiling of the charges after dismissal on the court's initiative, rather than the defendant's. *Cf. United States v. Scott,* 437 U.S. 82, 96, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (re-prosecution not barred by double jeopardy where "*defendant* elected to seek termination of the trial [by dismissal] on grounds unrelated to guilt or innocence") (emphasis added).[2]

■ In the end, resolution of this appeal is determined by the principle that a trial court in a criminal case " 'may dismiss *with prejudice* for want of prosecution only when it [has] conclud[ed] that the defendant's constitutional right to a speedy trial has been violated.' " *District of Columbia v. Cruz,* 828 A.2d 181, 183 (D.C. 2003) (quoting *United States v. Mack,* 298 A.2d 509, 510 (D.C.1972)) (emphasis in *Mack* ); *see also United States v. Stephenson,* 891 A.2d 1076, 1081–84 (D.C.2006). The trial judge made no finding that Whitley's right to a speedy trial had been violated, and *no such finding could be fairly made on this record.* Indeed, Whitley's knowing and voluntary plea of guilty foreclosed any subsequent speedy trial claim. *See, e.g., Menna v. New York,* 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam) ("A guilty plea ... renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."); *Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct.

1602, 36 L.Ed.2d 235 (1973). Thus, the trial judge had no basis for dismissing the prosecution.

While we do not fault the judge for being impatient following several hours of awaiting the presence of the prosecutor, the judge's action in thereupon dismissing the case exceeded his authority. Where a prosecutor has absented himself from sentencing, the proper course for the judge may be to decide that the government has waived its presence and right to allocute, *see* Super. Ct.Crim. R. 32(c)(1), and proceed to sentencing. But dismissal, for no other reason than "want of prosecution," of charges for which the defendant has been properly convicted is not a lawful remedy.

*Reversed and remanded with directions to reinstate the guilty plea.*

---

2. Whitley argues that this court lacks jurisdiction over the government's appeal precisely because "double jeopardy [would] bar[ ] the government from refiling the case." The jurisdictional argument is meritless only because reversal of the dismissal order will re-

quire simple reinstatement of the guilty plea and no further proceedings to determine guilt or innocence. *See United States v. Wilson,* 420 U.S. 332, 353, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Wall,* 521 A.2d 1140, 1142 n. 2 (D.C.1987).