An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID BROWN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65119

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges district court orders resolving a pretrial petition for a writ of habeas corpus and a motion to dismiss an indictment.

Petitioner claims that (1) his habeas petition should have been granted in its entirety[1] because the State relied upon inadmissible hearsay evidence to obtain the grand jury's indictment on the robbery charges and (2) his motion to dismiss should have been granted because the State's consolidation of district court case number C285289 (robbery case) and case number C282886 (pandering case) by way of an indictment showed a conscious indifference to his rights by violating his constitutional and

---

[1]The district court granted the habeas petition in part after finding that the count of involuntary servitude was not supported by slight or marginal evidence. The State subsequently amended the indictment by removing that count.

statutory rights to a speedy trial, moving the robbery case out of a judicial department where he had received favorable pretrial rulings, and allowing the State to circumvent unfavorable pretrial rulings.[2]

"A writ of mandamus is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion. Such a writ is available only to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." *Winkle v. Foster*, 127 Nev. ___, ___, 269 P.3d 898, 899 (2011) (citation and internal quotation marks omitted). "[It] will not lie to control discretionary action, unless discretion is manifestly abused or exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citation omitted); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion in context of mandamus). And it will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. "Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

We conclude that petitioner has failed to demonstrate that extraordinary relief is warranted. Petitioner did not demonstrate in the district court that *all* of the detective's testimony about the handwriting

---

[2]Petitioner has previously challenged the dismissal of the robbery case in an original petition for a writ of mandamus, *see Brown v. Eighth Judicial Dist. Court*, Docket 62619 (Order Granting Petition in Part, March 13, 2013), and again in an appeal from a district court order granting the State's motion to dismiss that case, *see Brown v. State*, Docket No. 63065 (Order of Affirmance, October 17, 2013).

exemplars was hearsay and did not fall within an exception to the hearsay rule, *see Rugamas v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 305 P.3d 887, 893 (2013) (the exclusion of hearsay in grand jury proceedings is subject to the statutory hearsay exceptions), or that *none* of the detective's testimony describing the collection of handwriting exemplars was legal evidence, *see* NRS 172.135(2) (the grand jury can only receive legal evidence); therefore, he has not demonstrated that the district court manifestly abused its discretion by denying his pretrial habeas petition, *see Rugamas*, 129 Nev. at ___, 305 P.3d at 895-96 (a district court manifestly abuses its discretion by denying a pretrial habeas petition when there is *no* legal evidence to satisfy the elements of the charged offenses in a challenged indictment). And petitioner has not demonstrated that the district court manifestly abused its discretion by finding that the manner by which the State consolidated its cases did not rise to a level of prejudice and violation of speedy trial rights that would warrant dismissal. *See* NRS 178.556(1) (speedy trial rule); *Thompson v. State*, 125 Nev. 807, 811-13, 221 P.3d 708, 711-12 (2009) (dual prosecutions rule); *State v. Lamb*, 97 Nev. 609, 611, 637 P.2d 1201, 1202 (1981) ("Conscious indifference is a factual determination."); *Brown*, Docket No. 63065 (Order of Affirmance, October 17, 2013) (discussing constitutional speedy-trial analysis in the context of petitioner's case). Accordingly, we

ORDER the petition DENIED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Bush & Levy, LLC
Oronoz & Ericsson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk