An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN LEE PAIGE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64662

**FILED**

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon resulting in substantial bodily harm. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

First, appellant Bryan Lee Paige contends that insufficient evidence was adduced to support the jury's verdict. Paige specifically claims that the evidence presented by the State "did not overcome his right of self-defense." We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Trial testimony indicated that Paige sought to confront the victim about stolen personal property. Paige found the victim in a vehicle and blocked his passage. Paige exited his vehicle and, according to a passenger in the victim's vehicle, "he started jumping around, waving his arms. At first it looked to me like he just wanted to fight," but then "he fired off a shot." The victim exited the vehicle, approached Paige, and

SUPREME COURT
OF
NEVADA

(O) 1947A

14·34265

Paige responded by firing two additional shots, hitting the victim in the abdomen.

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), *see also Harkins v. State*, 122 Nev. 974, 990, 143 P.3d 706, 716 (2006) ("self-defense is not available to an original aggressor"), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 0.060; NRS 193.165(6)(a); NRS 200.481(a). Therefore, we conclude that Paige's contention is without merit.

Second, Paige contends that the district court erred by rejecting his proposed jury instruction offered pursuant to NRS 171.126 regarding an arrest by a private person. We disagree. "This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion." *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009). Here, the district court heard arguments from counsel and determined that Paige was not entitled to the instruction because "there's no evidence he was making a citizen arrest. He didn't say that. He wanted to undo the deal." Defense counsel conceded the point, stating, "[t]here's no evidence" that Paige attempted to arrest the victim prior to shooting him. We agree and conclude that the district court did not abuse its discretion by rejecting Paige's proposed instruction.

Third, Paige contends that the district court erred by denying his pretrial habeas petition based on the claim that the State acted with

conscious indifference to his procedural rights by moving for a second continuance prior to his preliminary examination without a demonstration of good cause. *See* NRS 171.196(2) ("If the defendant does not waive examination, the magistrate shall hear the evidence within 15 days, unless for good cause shown the magistrate extends such time."). We disagree with Paige's contention.

We review a district court's determination regarding a pretrial habeas petition for substantial error. *Sheriff v. Shade*, 109 Nev. 826, 828, 858 P.2d 840, 841 (1993). A district court's determination regarding conscious indifference is a determination of fact, *State v. Lamb*, 97 Nev. 609, 611, 637 P.2d 1201, 1202 (1981), which will not be disturbed on appeal so long as substantial evidence in the record supports that determination, *Sheriff v. Roylance*, 110 Nev. 334, 337, 871 P.2d 359, 361 (1994). Here, the district court denied Paige's habeas petition after finding, among other things, that the State complied with the requirements of *Bustos v. Sheriff, Clark County*, 87 Nev. 622, 624, 491 P.2d 1279, 1280-81 (1971), and presented testimony at the hearing on the motion "sufficient" to demonstrate good cause. We agree and conclude that the district court did not err by denying Paige's pretrial habeas petition. Accordingly, we

ORDER the judgment of conviction AFFIRMED.


_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Nancy L. Porter, District Judge
Gary D. Woodbury
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A