139 Nev., Advance Opinion 33

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>DANIEL ADRIAN GONZALEZ,<br>Respondent. | No. 85399 **FILED**<br><br>SEP 1 4 2023<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>DANIEL ADRIAN GONZALEZ,<br>Respondent. | No. 85400 |

Consolidated appeals from a district court order granting respondent's motion to dismiss a criminal complaint. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

*Reversed and remanded.*

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, Jennifer P. Noble, Chief Appellate Deputy District Attorney, and Marilee Cate and Kevin P. Naughton, Appellate Deputy District Attorneys, Washoe County,
for Appellant.

Evelyn Grosenick, Public Defender, and Kathryn E. Reynolds, Chief Deputy Public Defender, Washoe County,
for Respondent.

_____

SUPREME COURT
OF
NEVADA

(O) 1947A

23-30102

BEFORE THE SUPREME COURT, EN BANC.

## *OPINION*

By the Court, STIGLICH, C.J.:

In this opinion, we consider whether the dismissal of a criminal complaint against respondent Daniel Adrian Gonzalez was an appropriate remedy for the violation of his due process rights arising from a delay in competency restoration treatment pending trial. After the State charged Gonzalez with sexual assault, the district court found him to be incompetent to stand trial and ordered him remanded to a psychiatric hospital for competency restoration treatment. Gonzalez remained in jail for 160 days before being transferred to the hospital. After being transferred to the hospital, Gonzalez moved to dismiss the complaint, arguing that his continued detention in jail after the district court's order and before being transferred to the hospital violated his due process rights. The district court agreed and granted the motion to dismiss.

The State appeals. The State concedes that Gonzalez's due process rights were violated but argues that the district court abused its discretion in granting the extreme remedy of dismissal under the facts of this case. We agree. Although we acknowledge the gravity of Gonzalez's situation, this court's precedent does not support the district court's conclusion that aggravated circumstances warranted dismissing the complaint against Gonzalez with prejudice. Furthermore, the district court neglected to balance the deterrent objectives of dismissal against society's interest in prosecuting criminal acts. We conclude the district court therefore abused its discretion in dismissing the complaint with prejudice, and we reverse and remand this case for further proceedings.


(O) 1947A

*FACTS AND PROCEDURAL HISTORY*

The State charged Gonzalez by way of complaint with one count of sexual assault, a category A felony. During the proceedings, Gonzalez was assessed for competency and received two psychiatric evaluations, each of which concluded that Gonzalez was not competent to proceed with adjudication and recommended that he receive inpatient competency restoration treatment. After a hearing on the matter, the district court found Gonzalez to be incompetent, that he may pose a danger to himself and to society, and that commitment was necessary to determine his ability to attain competency. To that end, the court ordered Gonzalez remanded to Lake's Crossing Center, a psychiatric hospital, for restorative treatment.

Gonzalez remained in custody at the Washoe County jail for 160 days before being transported to Lake's Crossing. Lake's Crossing reported that staffing shortages, a lack of available beds, and COVID-19 protocols contributed to the delay. Because of the delay, the Division of Mental Health and Developmental Services of the Department of Human Resources (the Division) notified the district court that its initial competency reports, mandated by NRS 178.450(2), would not be timely submitted.

Gonzalez moved to dismiss the criminal complaint, arguing that his continued detention in jail prior to being transferred to Lake's Crossing constituted a violation of his due process rights. The district court granted Gonzalez's motion to dismiss. The court relied on *Jackson v. Indiana*, 406 U.S. 715 (1972), and its progeny to conclude that Gonzalez's detention before being transferred to Lake's Crossing was not reasonably related to his receiving competency restoration treatment and therefore violated his due process rights.

On appeal, the State concedes that the district court's conclusion as to the due process violation was correct. The legal basis

(O) 1947A

justifying dismissal, however, is somewhat less evident from the district court's order. The district court concluded that "it is obvious that the 160-day delay and the Division's failure to comply with its mandatory reporting requirements is 'shocking and outrageous' and warrants dismissal." The district court invoked *State v. Babayan*, 106 Nev. 155, 787 P.2d 805 (1990), acknowledging that dismissal is an extreme remedy. After balancing deterrent interests against the violation of Gonzalez's due process rights, the district court found that the "aggravated circumstances" warranted dismissal.[1] The State appeals.

## DISCUSSION

The State argues that the district court abused its discretion in granting Gonzalez's motion to dismiss the criminal complaint based on circumstances outside a prosecutor's control—a lack of space at Lake's Crossing. The State argues that the penalty for a due process violation must match the nature of the violation and that the district court failed to consider the effect dismissal would have on society's interest in prosecuting crimes. We agree.

---

[1]The parties dispute whether the district court ordered dismissal with prejudice or without. Where a district court does not specify whether dismissal is with or without prejudice, we would generally presume that dismissal is without prejudice. *See, e.g.*, *District of Columbia v. Whitley*, 934 A.2d 387, 388 n.1 (D.C. 2007) (noting that where dismissal of criminal charges is not on the merits "and the trial court does not specify whether dismissal is with prejudice, dismissal is presumed to be without prejudice"); *State v. Hunter*, 968 N.E.2d 585, 589 (Ohio Ct. App. 2012) (explaining that dismissal of a criminal complaint is presumed to be without prejudice unless the trial court specifies otherwise). However, here, the district court referred to the dismissal it was ordering as "an extreme measure," and it applied the test for dismissal with prejudice as laid out in *Babayan*, 106 Nev. at 173, 787 P.2d at 818. Therefore, upon the facts before us, we infer that the district court intended to dismiss the charge with prejudice.

*Standard of review*

We review a district court's order dismissing a charging document for an abuse of discretion. *Morgan v. State*, 134 Nev. 200, 205, 416 P.3d 212, 220 (2018). A district court abuses its discretion if its "decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

*The district court abused its discretion in ruling that dismissal with prejudice was warranted*

"Dismissal is an extreme sanction . . . ." *Morgan*, 134 Nev. at 205, 416 P.3d at 220. Dismissing a criminal complaint with prejudice "is most appropriate upon a finding of aggravated circumstances and only after a balancing of its deterrent objectives with the interest of society in prosecuting those who violate its laws." *Babayan*, 106 Nev. at 173, 787 P.2d at 818. For the reasons articulated below, we conclude that the district court abused its discretion both in finding aggravated circumstances and in neglecting to apply this balancing test.

*The district court failed to apply the appropriate standard in finding aggravated circumstances*

In *Babayan*, we considered the dismissal of criminal charges with prejudice for due process violations. There, the district court dismissed multiple indictments against Ruben Babayan with prejudice for prosecutorial misconduct before the grand jury. 106 Nev. at 163-65, 787 P.2d at 812. This court reversed the district court's dismissal of the indictments with prejudice. *Id.* at 176, 787 P.2d at 819-20. In so doing, we explained that dismissal without prejudice is appropriate "to eliminate prejudice to a defendant and to curb the prosecutorial excesses of a District Attorney or [their] staff." *Id.* at 173, 787 P.2d at 818. Conversely, dismissal with prejudice is an extreme remedy "warranted when the evidence against

SUPREME COURT
OF
NEVADA

(O) 1947A

5

a defendant is irrevocably tainted or the defendant's case on the merits is prejudiced to the extent that notions of due process and fundamental fairness would preclude reindictment." *Id.* (internal quotation marks omitted); *cf. Langford v. State*, 95 Nev. 631, 635-36, 600 P.2d 231, 234-35 (1979) (concluding that, absent a showing of bad faith by the State or unalleviated prejudice to the defendant, the trial court properly denied the motion for a mistrial). Accordingly, this court held that dismissal with prejudice was not warranted, despite the due process violation. *Babayan*, 106 Nev. at 173-74, 787 P.2d at 818.

In *Morgan*, as similar here, the district court ordered John Demon Morgan to be transferred to Lake's Crossing. 134 Nev. at 202, 416 P.3d at 217. After a delay of over 100 days, Morgan filed a motion to dismiss. *Id.* Although the time frame for transferring Morgan to Lake's Crossing had not been met, the district court denied Morgan's motion. *Id.* at 202, 416 P.3d at 217-18. Instead, the district court ordered that Morgan be transferred to Lake's Crossing within seven days. *Id.* at 205, 416 P.3d at 220. In considering the direct appeal of Morgan's eventual conviction, this court held that the district court did not abuse its discretion in denying Morgan's motion to dismiss. *Id.* at 205-06, 416 P.3d at 220. We noted that dismissal with prejudice is an extreme sanction and that after balancing dismissal's deterrent objectives with society's interest in prosecuting crimes, the facts of the case did not amount to aggravated circumstances warranting dismissal. *Id.* at 205, 416 P.3d at 220.

*Babayan* and *Morgan* comport with this court's precedent related to the dismissal of charging documents in other situations where a defendant's due process rights may not specifically be at issue. For dismissal to be an appropriate remedy, these cases require some misconduct

on the part of the prosecution or some extended prejudice to the defendant. For example, in *State v. Tapia*, the State charged Peter Tapia with embezzlement. 108 Nev. 494, 495, 835 P.2d 22, 23 (1992). After the State failed to immediately provide Tapia with a document it intended to use at trial, the district court found that the State had violated a discovery order permitting Tapia to examine everything in the State's file and excluded the document. *Id.* at 495-96, 835 P.2d at 23. Without the document, the district court believed the State's case was too weak and dismissed the case. *Id.* On appeal, this court reversed. *Id.* at 498, 835 P.2d at 24. We held that the district court acted within its discretion in determining that the State had violated the court's discovery order. *Id.* at 497, 835 P.2d at 24. We nevertheless concluded that "dismissal was an extreme remedy unwarranted under the circumstances." *Id.* at 498, 835 P.2d at 24. Specifically, we held that "where the State's non-compliance with a discovery order is inadvertent and the court takes appropriate action to protect the defendant against prejudice, there is no error justifying dismissal of the case." *Id.* at 497, 835 P.2d at 24.

Relatedly, this court has addressed the circumstances under which the prosecution may recharge a defendant if a case is dismissed for the prosecution's failure to comply with procedural rules. Explaining "that criminal accusations should proceed or terminate on principles compatible with judicial economy, fair play[,] and reason," *McNair v. Sheriff*, 89 Nev. 434, 438, 514 P.2d 1175, 1177 (1973), this court has held that reprosecution is barred only where "the prosecution has wilfully disregarded or displayed a conscious indifference to procedural rules," *State v. Lamb*, 97 Nev. 609, 610-11, 637 P.2d 1201, 1202 (1981). Conscious indifference does not require a showing of "intentional acts or calculated bad faith by the prosecution."

*Id.* at 611, 637 P.2d at 1202 (internal quotation marks omitted). It does, however, require something more than mishandling the case or exercising poor judgment. *Id.* at 611, 637 P.2d at 1202-03.

In light of the foregoing authority, we now clarify that "aggravated circumstances" may take the form of misconduct on the State's part, *cf. Babayan*, 106 Nev. at 173, 787 P.2d at 818, or unalleviated prejudice to the defendant, *cf. Langford*, 95 Nev. at 635-36, 600 P.2d at 234-35. Here, without apportioning blame to the State or pointing to any prejudice Gonzalez suffered as to his ability to receive a fair adjudication, the district court summarily ruled that the due process violation in and of itself constituted aggravated circumstances warranting dismissal. The district court thus neglected to apply the standards demanded by our precedent. Given that the district court did not address these highly fact-bound inquiries in the first instance, however, we express no opinion as to whether the situation here amounted to aggravated circumstances. We conclude that its ruling exceeded the bounds of the law and therefore constituted an abuse of discretion.

*The district court failed to balance dismissal's deterrent objective with society's interest in prosecuting criminal acts*

Even where aggravated circumstances favor dismissal with prejudice, a district court's inquiry is not complete. Rather, the district court may dismiss a charging document with prejudice only after balancing the deterrent objectives of that sanction against society's interest in prosecuting criminal acts. *Babayan*, 106 Nev. at 173, 787 P.2d at 818.

In *United States v. Lawson*, the United States District Court for the District of Maryland balanced the deterrent objectives of dismissing an indictment with prejudice against society's interest in prosecuting defendants charged with distributing controlled substances. 502 F. Supp.

158, 161, 172-73 (D. Md. 1980). The court found that a prosecutor deliberately misled the grand jury in obtaining an indictment against the defendants. *Id.* at 163. As for the remedy for such misconduct, however, the court concluded that dismissal without prejudice was more appropriate. *Id.* at 172-73. Specifically, the court noted that the misconduct was committed by a single prosecutor, who was no longer associated with the case, and that there was not a pattern of widespread or continuous prosecutorial misconduct in the district. *Id.* The court explained that "[w]hile [the] defendants [were] entitled to the remedy of dismissal for violations of their constitutionally protected rights, they [were] not entitled to the reward of permanent immunity respecting their alleged criminal conduct." *Id.* at 173. Rather, on balance, the court concluded that the costs to society of dismissing the indictments with prejudice were "simply too high." *Id.*

Here, the deterrent objective of dismissal with prejudice is not evidenced in the record. Indeed, the district court did not articulate any behavior on the prosecutor's part that it intended to deter with dismissal or how dismissal would accomplish such deterrence. Instead, the district court balanced the State's interest in prosecuting Gonzalez against Gonzalez's due process rights. As explained, this is not the inquiry used for determining whether dismissal with prejudice is warranted.

As to society's interest in prosecuting Gonzalez, although presumed innocent, Gonzalez is charged with sexual assault—a crime so serious the Legislature has approved of life with the possibility of parole as a punishment for it. *See* NRS 200.366(2)(b). On balance, society's interest in prosecuting sexual assault outweighs any deterrent effect dismissal with

prejudice may have had under the facts of this case. And we conclude that the district court abused its discretion in ruling otherwise.[2]

We acknowledge that dismissal with prejudice was the only remedy that Gonzalez sought for the due process violation. Gonzalez languished in jail for five months before being transferred to Lake's Crossing for court-ordered competency restoration treatment. This is a troubling situation that, as the State concedes, violated Gonzalez's due process rights. We stress that difficulties involving the availability of beds, staffing shortages, or other logistical challenges cannot justify detaining an individual in jail for month after month without recourse. It is well established that district courts enjoy inherent powers to control proceedings before them, *see Young v. Ninth Judicial Dist. Court*, 107 Nev. 642, 646-47, 818 P.2d 844, 846-47 (1991), and a lesser sanction may have been more appropriate to ensure Gonzalez's prompt transfer to Lake's Crossing, *see, e.g., Dep't of Health & Human Servs., Div. of Pub. & Behavioral Health v. Eighth Judicial Dist. Court (Aliano)*, 139 Nev., Adv. Op. 28, ___ P.3d ___, ___ (2023) (concluding that the district court did not err in holding Division of Public and Behavioral Health in contempt for failing to comply with court orders requiring that criminal defendants found to be incompetent be admitted for psychiatric care and imposing monetary sanctions); *Morgan,*

---

[2]Gonzalez avers that dismissal was consistent with NRS 178.425(5). However the district court did not dismiss the criminal complaint pursuant to NRS 178.425(5), nor did it make the required finding that there was no substantial probability that Gonzalez would attain competency in the foreseeable future under the statute. Indeed, the district court specifically stated at a hearing on the motion that it could not make such a finding because Lake's Crossing had not yet submitted a report as to Gonzalez's status. Accordingly, NRS 178.425(5) does not provide a basis for affirming the district court's order.

SUPREME COURT
OF
NEVADA

(O) 1947A

134 Nev. at 204-06, 416 P.3d at 219-20 (holding that a district court did not abuse its discretion in denying a defendant's motion to dismiss and instead ordering that the defendant be transferred to a psychiatric hospital within seven days). Regardless, the fact that dismissal was the only remedy sought does not justify the district court in dismissing with prejudice.[3]

## CONCLUSION

We conclude that the district court abused its discretion in finding aggravated circumstances without articulating some misconduct by the State or prejudice to Gonzalez's case and without balancing the relevant interests discussed above. Thus, the district court abused its discretion in granting the extreme remedy of dismissal with prejudice under the facts of this case. Accordingly, we reverse and remand this case for further proceedings in light of this opinion.

_____, C.J.
Stiglich

We concur:

_____, J.
Cadish

_____, J.
Herndon

_____, J.
Parraguirre

_____, J.
Pickering

_____, J.
Lee

_____, J.
Bell

---

[3]In light of our disposition, we decline to reach the State's argument that the district court lacked inherent authority to enter an order of dismissal.