The STATE of Ohio, Appellant,

v.

HUNTER, Appellee.

[Cite as *State v. Hunter*, 197 Ohio App.3d 689, 2012-Ohio-189.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–11–006.

Decided Jan. 20, 2012.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and Andrew M. Bigler, Assistant Prosecuting Attorney, for appellant.

Howard Whitcomb, for appellee.

---

PIETRYKOWSKI, Judge.

{¶ 1} The state of Ohio appeals a February 24, 2011 judgment of the Ottawa County Court of Common Pleas declaring a mistrial and dismissing criminal proceedings against appellee, Erik Hunter. Hunter was indicted on December 6, 2010, on two counts of violation of R.C. 2921.36(A)(2) in that on November 2, 2010, he "did knowingly convey, or attempt to convey onto the grounds of a detention facility, a drug of abuse." Trial proceeded on the charges in the Ottawa County Court of Common Pleas on February 22, 2011. The trial court declared a mistrial and dismissed the case due to a statement made by the prosecutor during closing arguments. The statement disclosed the existence and details of plea negotiations.

{¶ 2} The state asserts two assignments of error on appeal:

{¶ 3} "1. The trial court improperly declared a mistrial due to what it perceived as prosecutorial misconduct.

{¶ 4} "2. The trial court erred when it dismissed the indictment against Erik J. Hunter."

{¶ 5} On November 2, 2010, Hunter appeared at the Ottawa County Misdemeanor Facility to be incarcerated. He was booked into the facility in the morning and searched during the booking process. Later in the day, a fellow inmate reported that Hunter had tobacco in his mattress and had been smoking tobacco in the bathroom. Possession of tobacco by inmates at the facility is prohibited.

{¶ 6} Subsequently sheriff's deputies searched Hunter's bunk and person for contraband. Xanax (alprazolam) and methadone drugs were found hidden in one of Hunter's shoes. The charges for conveying the two drugs of abuse into the detention facility were tried before a jury. Before a verdict was reached, the court declared a mistrial and dismissed the case.

{¶ 7} In closing argument, defense counsel began to argue the state's burden of proof to convict for the offense of conveying drugs of abuse into a detention facility. Counsel reminded the jury that Hunter was not charged with the offense of possession of drugs. The prosecutor objected and commented on plea negotiations:

{¶ 8} "Defense counsel: I would also like to point out that my client is not being charged with possession—

{¶ 9} "Prosecutor: Objection, Your Honor. That has nothing to do with this case, and those were discussions in plea negotiations suggested by the defense, so if—

{¶ 10} "Defense Counsel: Objection.

{¶ 11} "The Court: Approach.

{¶ 12} "Mr. Prosecutor: Grounds for a mistrial.

{¶ 13} "The Court: Approach."

{¶ 14} (The statement "Grounds for a mistrial" was made by the prosecutor, not by defense counsel.)

{¶ 15} A bench conference followed. The court ruled that the defendant could argue to the jury that a charge of possession is different from a charge of conveyance. Closing arguments resumed. The trial court did not instruct the jury to disregard the statement concerning plea negotiations. Defense counsel made no request for a curative instruction.

{¶ 16} After jury deliberations commenced, the trial court revisited the issue of the propriety of the comments made by the prosecutor. The court stated that it was "[c]learly inappropriate to suggest that the defense has suggested a posses-

sion charge." The court indicated that it was going to declare a mistrial and release the jury. The court explained that it was improper "to say what the plea negotiations were and, in particular, that he should have been charged with possession. * * * You can't say that in front of the jury that those were discussions in plea negotiations suggested by the defense." The court declared a mistrial and released the jury without proceeding to verdict.

{¶ 17} The trial issued its judgment the same day, February 24, 2011. In the judgment, the trial court found, sua sponte, that "the statements of the Prosecutor * * * amount to prosecutorial misconduct and are so prejudicial to the Defendant as to deny Defendant a fair trial." The trial court declared a mistrial and ordered the case dismissed.

{¶ 18} "The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. *United States v. Dorr,* supra, [636 F.2d 117 (5th Cir.1981)] at 120." *State v. Smith,* 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). "The granting of a mistrial is necessary only when a fair trial is no longer possible. *State v. Franklin* (1991), 62 Ohio St.3d 118, 127 [580 N.E.2d 1]." *State v. Treesh,* 90 Ohio St.3d 460, 480, 739 N.E.2d 749 (2001). "The touchstone * * * is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips,* 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *State v. Purley,* 6th Dist. No. L–01–1005, 2002-Ohio-2689, 2002 WL 1302247, ¶ 31.

{¶ 19} Under assignment of error No. I, the state argues that Evid.R. 410 does not prohibit the statement concerning plea negotiations and that the trial court erred in declaring a mistrial. Appellee argues that the statement is prohibited by the rule and constitutes prosecutorial misconduct.

{¶ 20} In its judgment, the trial court relied on the decision of the Eighth District Court of Appeals in *State v. Dunbar,* 8th Dist. No. 89896, 2008-Ohio-2033, 2008 WL 1903873. In *Dunbar,* the prosecutor asked the defendant at trial whether he had sought a plea bargain in the case. *Id.* at ¶ 7. The court of appeals considered both Evid.R. 410 and 408 in ruling that generally any mention of plea negotiations is prohibited under the rules:

{¶ 21} "Although Evid.R. 410(A)(5) refers only to 'statements' made during the course of plea discussions, the courts have consistently understood the rule to foreclose, with certain inapplicable exceptions, any mention of plea discussions because such evidence is irrelevant. By analogy to Evid.R. 408, which prohibits the introduction of offers to compromise a claim, it is understood that such offers are 'incompetent as a fact from which liability which might be inferred and was incompetent as an admission of such liability.' See Staff Note to Evid.R. 408; *Sherer v. Piper & Yenney* (1875), 26 Ohio St. 476, paragraph one of the syllabus

('the fact that an offer to compromise the matters in dispute between the parties was made, is incompetent, either as evidence of a fact from which the liability of the party making the offer may be inferred, or as an admission of such liability')." *Dunbar* at ¶ 25.

{¶ 22} The *Dunbar* court recognized that "courts have acknowledged that if a policy of plea bargaining 'is to be fostered, it is essential that plea negotiations remain confidential to the parties if they are unsuccessful. Meaningful dialogue between the parties would, as a practical matter, be impossible if either party had to assume the risk that plea offers would be admissible in evidence.' *United States v. Verdoorn* (C.A.8, 1976), 528 F.2d 103, 107." *Dunbar* at ¶ 29.

{¶ 23} The Tenth District Court of Appeals recognized that evidence of plea negotiations between a defendant and the state are inadmissible under Evid.R. 408 and 410 in the decision of *State v. Burke*, 10th Dist. No. 92AP–1792, 1993 WL 194110 (June 1, 1993).

■■ {¶ 24} We agree with the analysis of the Eighth and Tenth District Courts of Appeals that, with limited exceptions, evidence of the existence or substance of plea negotiations is prohibited under Evid.R. 408 and 410. Here the statement by the prosecutor not only disclosed the existence of plea negotiations but also went to their substance.

■ {¶ 25} In its judgment, the trial court concluded that a fair trial was no longer possible due to the prosecutor's statement. A reviewing court grants a trial court's determination on whether to grant a mistrial "great deference * * * in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." *State v. Glover*, 35 Ohio St.3d 18, 19, 517 N.E.2d 900 (1988). *See State v. Walls*, 6th Dist. No. L–01–1492, 2003-Ohio-493, 2003 WL 220460, ¶ 5. We defer to the trial court's determination of the prejudicial effect of the prosecutor's statement and find no abuse of discretion in the court's declaration of a mistrial. Accordingly, appellant's assignment of error No. I is not well taken.

■ {¶ 26} Under assignment of error No. 2, the state argues that the "trial court erred when it dismissed the indictment against Erik J. Hunter." The state argues that even were there grounds to declare a mistrial, the trial court erred in dismissing the case rather than ordering retrial. The state also argues that retrial is not barred by double jeopardy. Hunter argues that the trial court properly declared a mistrial and dismissed the case with prejudice.

{¶ 27} We read the trial court's judgment differently. The trial court did not render an opinion as to whether retrial of the charges against Hunter is prohibited by double jeopardy. The judgment does not address the issues of retrial or double jeopardy. The judgment also does not specify that the dismissal is with prejudice. With respect to dismissal of the case, the judgment provides:

{¶ 28} "It is therefore ORDERED, ADJUDGED and DECREED that the Defendant's trial held February 22, 2011 is declared a MISTRIAL and the case is DISMISSED. Defendant's bond is hereby released and costs shall be assessed to the State of Ohio."

{¶ 29} The Eighth and Second District Courts of Appeals have held that when a judgment dismissing a criminal complaint fails to specify that a dismissal is with prejudice, it is to be presumed that the dismissal was intended to be without prejudice. *State v. Rodriguez*, 2d Dist. No. 1722, 2008-Ohio-3377, 2008 WL 2627672, ¶ 15; *State v. Brown*, 8th Dist. No. 84229, 2004-Ohio-5587, 2004 WL 2361820, ¶ 8. We adopt such an approach here. Based upon that presumption, we treat the February 24, 2011 judgment as dismissing the case against Hunter without prejudice.

{¶ 30} As we have determined that the trial court did not err in declaring a mistrial based upon prosecutorial misconduct, we find no abuse of discretion in the trial court's dismissal of the case without prejudice. We express no opinion on whether double jeopardy bars retrial of the charges against Hunter, should the state act to reinstitute criminal proceedings against him.

{¶ 31} Assignment of error No. II is not well taken.

{¶ 32} Accordingly, we conclude that justice has been afforded the party complaining and affirm the trial court's judgment. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

SINGER, P.J., and YARBROUGH, J., concur.