[Cite as *Toledo v. Spiess*, 2023-Ohio-1099.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo                                    Court of Appeals No.  L-22-1176

    Appellant                                 Trial Court No.  CRB21003379

v.

Terry Spiess                                      **DECISION AND JUDGMENT**

    Appellee                                  Decided:  March 31, 2023

* * * * *

Rebecca Facey, City of Toledo Chief Prosecuting Attorney, and
Jimmie L. Jones, Assistant Prosecuting Attorney, for appellee.

Jeremy W. Levy, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, the City of Toledo, appeals from a judgment entered by the

Toledo Municipal Court, dismissing a complaint against appellee, Terry Spiess, alleging

patient abuse or neglect in violation of R.C. 2903.34(A)(3).  For the reasons that follow,

we affirm the judgment of the trial court.

**Statement of the Case and Relevant Facts**

{¶ 2} On April 22, 2021, the City filed a complaint against Spiess, a respiratory therapist, alleging patient abuse or neglect in violation of R.C. 2903.34(A)(3).  The charge arose from the death of a resident at Advanced Healthcare Center, a skilled nursing facility, in July 2020.  According to the complaint, Spiess, while providing care to the ventilator-dependent victim, turned off the ventilator and then neglected to turn it back on, resulting in the victim's death.

{¶ 3} Spiess formally requested discovery from the City pursuant to Crim.R.16 on April 30, 2021.  The City filed an initial response to this request on June 16, 2021.

{¶ 4} Additionally, in a letter to the City dated May 2, 2021, Spiess requested discovery related to the ventilator used by the patient in this case, a list of all people who visited or provided care in the room on the date of the incident, and the patient's medical records.  The City never responded to this request.

{¶ 5} On March 15, 2022, Spiess filed a motion for additional discovery and examination of exculpatory and mitigatory materials.  In this motion, Spiess, citing Crim.R. 16, *Brady v. Maryland* , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and principles of Due Process, requested an order from the trial court permitting the inspection of any ventilators that were seized by the Toledo Police in relation to this case, the inspection and copying of various documents belonging to Advanced Healthcare, all 911, police, EMS, or fire reports prepared in relation to the alleged victim or to circumstances of the alleged offense, pictures of the healthcare facility, the identity and

2.

location of, and chain of custody for, any ventilator seized by police in relation to the alleged offense, documentation related to any ventilator seized by police in relation to the alleged offense, and medical and other records pertaining to the alleged victim.  The City produced additional evidence in response to Spiess's motion.

{¶ 6} Finally, on May 9, 2022, Spiess gave notice of omissions in the City's production, but the City did not respond to this final request for additional discovery.

{¶ 7} When the case was called for trial on July 27, 2022, Spiess made an oral motion to dismiss, citing outstanding discovery and alleged *Brady* violations.  The following discussion took place on the record:

[DEFENSE COUNSEL]: * * * I am making a motion at this time under *Brady* to dismiss this case.

* * *

[DEFENSE COUNSEL]: I will file a written motion if requested by the Court.  But at this time I'm making an oral motion to dismiss on the following grounds: This case was filed on April 22, 2021.  Complaint was filed by the prosecutor in Toledo Municipal Court.  On April 28, 2021, the warrant was withdrawn and a not guilty plea was entered and a motion for discovery was filed two days later on April 30, 2021.  As of today's date, July 27, 2022, I am still not in possession of all of the discovery that was requested, including exculpatory evidence that would show that my client was not culpable for the offense that he's alleged to have committed.

3.

To begin with, Your Honor, I have received some discovery in this case. And the discovery that I received is clearly a fraud that's being attempted to be perpetrated on this Court. Specifically what I'm referring to is a document that took place – that was signed by my client subsequent to the allegation and then forged by an agent of the Advanced Healthcare systems to place the date prior to the incident. That document is clearly a forgery in an attempt to perpetrate a fraud upon the Court. I have requested from both Advanced Healthcare through subpoenas, as well as through my discovery with the Prosecutor's Office, all of the charting from the alleged victim in this case, who passed away on the date of the incident, and I have been refused that information.

According to the discovery, the defendant saw the patient at approximately eight a.m., but the patient was not pronounced deceased until after twelve o'clock p.m. I have requested numerous times the documentation supporting that other agents of the hospital saw the patient during that four-hour time period. Also, I have requested the chain of custody of the ventilator machine in an opportunity to inspect it, and that cannot be provided to me as well. So we don't know who's been tampering with the machine as this case has been pending for sixteen months, and we don't even know where the machine is currently located.

As of today's date, I did receive some medical records from the prosecutor with "counsel only" stamps on it, but this is clearly not what was requested through the discovery or through the subpoenas with Advanced Healthcare. * * *

* * *

Since we have gone sixteen months now of this case, and we still have not received any discovery or the substantial components of the discovery that would provide the defendant with his ability to make a defense, we are requesting at this time that the case be dismissed.

THE COURT: I'm going to give you a moment to think if there is anything else you want to put on the record.

[DEFENSE COUNSEL]: The only other fact that is relevant is that the machine that was used had an alarm that was on it. And we have checked with the alarm system company, and they indicated that that alarm went off for four hours from the eight a.m. time that my client saw the patient until the noon time when the patient was deceased. That alarm had been muted by the hospital as part of their procedure. We believe that this action was reckless by the hospital and that the hospital should be investigated for these types of practices, potentially criminal activity. Thank you.

THE COURT: Prosecutor.

[PROSECUTOR]: Thank you, Your Honor. The City strongly objects to a dismissal at this juncture, especially because we did turn over a large pile of discovery. We've turned over what we have. I don't have information as to what may or may not have yet been turned over from this health center.

As for the Brady violations and things that are being alleged, I feel those would be much better fleshed out in writing in a brief, give the City an opportunity to respond to the allegations that are being put forth. And we want to pursue this case in a just manner.

THE COURT: This is a very serious case. I'm not taking it lightly. Whether the Prosecutor's office will appeal, but I am going to allow a dismissal based on what's been said. And, of course, I would not put any input of whether there will be an appeal or not. I will leave that up to the Prosecutor's office to flesh out. And if you want to follow this up with the – with written documents on your dismissal.

[DEFENSE COUNSEL]: No, I do not. Thank you, Your Honor.

THE COURT: That would be up to you. And if the prosecutor wants to file it up [sic] with any sort of written document as far as the dismissal, I will leave that up to your office, or whether you want to appeal or not appeal based on what's been said about the fraud allegations, or whether the prosecutor wants to follow it up with a criminal charge of fraud.

[PROSECUTOR]: Understood, Your Honor.

THE COURT: This is highly unusual across the board. So, I'm not going to make further comment. I'm just going to put a dismissal.

{¶ 8} The state subsequently appealed.

## Assignment of Error

{¶ 9} Appellant asserts the following assignment of error on appeal:

I. The Trial Court erred in dismissing the case with[out] giving its reasons and findings of fact.

## Analysis

{¶ 10} An appellate court reviews a trial court's decision to dismiss a case under Crim.R. 48(B) for an abuse of discretion. *Toledo v. Green*, 2015-Ohio-386, 27 N.E.3d 1015, ¶ 7 (6th Dist.), citing *State v. Busch*, 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996). "An abuse of discretion is 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Crim.R. 48 provides the procedure for the dismissal of a criminal case by either the state or the court. The rule does not limit the reasons for which a trial judge might sua sponte dismiss a case; instead, "a [trial] judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." *Busch* at 615. Subsection (B) of the rule provides that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." "The findings of fact and reasons for the dismissal are necessary in order

7.

to allow meaningful review of the assignments of error." *Cleveland v. Gatens*, 8th Dist. Cuyahoga No. 109406, 2021-Ohio-313, ¶ 30.

{¶ 12} Although "[a] dismissal by the court of the charges without findings of fact and reasons for the dismissal pursuant to Crim.R. 48 requires reversal of the court order," "a written decision reducing the court's analysis for the dismissal may not be necessary if the transcript of the proceedings clearly identifies the rationale for the trial court's ruling." *Id.* at ¶ 1, 31. The failure of a trial court to follow Crim.R. 48(B), therefore, is harmless error " 'when the record is clear as to the basis of the court's action.' " *State v. Neal*, 6th Dist. Lucas No. L-92-225, 1993 WL 32301, *1 (Feb. 12, 1993), quoting *State v. Nelson*, 51 Ohio App.2d 31, 33, 365 N.E.2d 1268 (8th Dist. 1977); *see also State v. McCullough*, 8th Dist. No. 105959, 2018-Ohio-1967, ¶ 17.

{¶ 13} This matter was scheduled for trial on July 27, 2022. Before the trial commenced that day, however, Spiess moved to dismiss the complaint based on several alleged discovery deficiencies. After providing the City an opportunity to respond to Spiess's motion, the trial court then stated: "I am going to allow a dismissal based on what's been said." Thus, the transcript of the proceeding reveals that the trial court dismissed the complaint based on the discovery issues raised by Spiess. The trial court, therefore, sufficiently stated its reasons for dismissal. And to the extent the trial court failed to state any findings of fact on the record, this failure was harmless error because the record is nonetheless clear as to the basis of the court's action. Under these circumstances, the trial court did not abuse its discretion.

8.

{¶ 14} We also note that the trial court did not specify whether the complaint was dismissed with or without prejudice; therefore, we presume the complaint was dismissed without prejudice. *State v. Hunter*, 197 Ohio App.3d 689, 2012-Ohio-189, 968 N.E.2d 585 (6th Dist.), ¶ 29; *State v. Brown*, 8th Dist. Cuyahoga No. 84229, 2004-Ohio-5587, ¶ 8.

{¶ 15} Accordingly, as the trial court stated its reasons for dismissing the complaint against Spiess on the record, the City's assignment of error is not well-taken, and the judgment of the Toledo Municipal Court is affirmed. The City is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.