[Cite as *State v. Rocubert*, 2024-Ohio-395.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 17-23-11

  v.

DAYREN ROCUBERT,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 23CR000033

Judgment Affirmed

Date of Decision:  February 5, 2024

APPEARANCES:

    *Christopher R. Bucio* **for Appellant**

    *Timothy S. Sell* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Dayren Rocubert ("Rocubert"), appeals the July 14, 2023 judgment of the Shelby County Court of Common Pleas denying Rocubert's motion to dismiss on the grounds of double jeopardy. For the reasons set forth below, we affirm.

*Factual and Procedural Background*

{¶2} This case stems from a December 24, 2022 traffic crash on Interstate 75 in Shelby County, which resulted in four persons and an unborn child being killed. Rocubert is alleged to have been operating the motor vehicle that caused the deaths of the victims.

{¶3} On December 28, 2022, a complaint was filed in the Sidney Municipal Court, charging Rocubert with five misdemeanor counts of what the parties to that case apparently believed to be the crime of Vehicular Homicide.[1] On January 30, 2023, Rocubert entered a negotiated plea of no contest in that case. Specifically, Rocubert pled no contest to the first count of the complaint and, in exchange, the prosecution dismissed the remaining four counts. The trial court accepted the no contest plea, Rocubert waived reading of the facts, and the trial court entered a finding of guilt as to that count. On October 3, 2023, Rocubert was sentenced in the Sidney Municipal Court case to 180 days in jail.

---

[1]As will be discussed below, it is actually unclear whether Rocubert was charged with Vehicular Homicide or with Vehicular Manslaughter in the municipal court case.

{¶4} On February 16, 2023, after Rocubert had entered his no contest plea to the misdemeanor charge and been found guilty on that count in municipal court, the Shelby County Grand Jury returned an indictment against Rocubert in the instant case, charging him with five counts of Aggravated Vehicular Homicide, each count a second-degree felony in violation of R.C. 2903.06(A)(1)(a).

{¶5} On February 22, 2023, an arraignment was held and Rocubert pled not guilty to all charges in the indictment.

{¶6} On March 27, 2023, Rocubert filed a motion to dismiss the indictment on the basis of double jeopardy, asserting that prosecution on the felony counts in the indictment was precluded as a result of the negotiated plea he had entered in municipal court.

{¶7} On May 26, 2023, an evidentiary hearing was held on the motion to dismiss. At the hearing, the parties entered two stipulated exhibits into evidence: Joint Exhibit I, being certain records from the Sidney Municipal Court case, and Joint Exhibit II, the indictment in this case.

{¶8} At that hearing, David Busick, the law director for the City of Sidney, was called as a witness by Rocubert. Busick testified that on January 30, 2023, a pretrial was held in the municipal court case. At that time, Busick was aware that the Ohio State Highway Patrol had obtained a sample of Rocubert's blood on the day of the crash, and the blood had been sent to the state crime lab to be tested for the presence of alcohol or drugs. As of the January 30, 2023 pretrial in municipal

court, the lab results were still pending, a fact which Busick discussed with Rocubert's counsel. Busick and Rocubert's counsel also discussed whether they should wait until the lab results were back before resolving the case, and Busick acknowledged that he had pushed for a change of plea at the January 30th pretrial. Busick testified that he had wanted to resolve the case because there were approximately 30 members of the victims' family present at the pretrial, and he hoped to accommodate the family by reaching a resolution. Busick testified that defense counsel had asked at that time what would happen if Rocubert pled guilty and then the lab results were unfavorable to him. Busick testified that he believed he told defense counsel at least three times that double jeopardy would not attach because a felony offense would be a separate offense. Busick acknowledged that he told defense counsel that the troopers had not smelled alcohol when interacting with Rocubert after the crash, that the weather may have been a factor, and that Busick did not anticipate that the lab results would come back positive. After that information was shared with defense counsel at the January 30th pretrial, Busick and Rocubert's counsel worked out a negotiated plea arrangement as reflected by the documents contained in Joint Exhibit I. That plea arrangement included dismissal of Counts B, C, D, and E of the misdemeanor complaint in exchange for Rocubert's plea to Count A. Busick testified that nowhere on the plea form did it indicate that the dismissal of the four counts was without prejudice. On cross-examination by the state, Busick testified that his office with the City of Sidney is

separate and independent from the office of the county prosecutor in Shelby County, that Busick makes his own decisions relating to the cases he handles, and that no discussion was had with the Shelby County Prosecutor prior to resolving the misdemeanor charges with the negotiated plea. Busick also clarified that it was probably urine, not blood, that had been taken from Rocubert for testing. Busick confirmed that, at the time the negotiated plea was entered in municipal court, the results of the testing were still pending.

{¶9} Sergeant Jordan Monnin of the Ohio State Highway Patrol was also called as a witness by the defense at the hearing on Rocubert's motion to dismiss. Monnin testified that he was present at the January 30, 2023 pretrial at Sidney Municipal Court, although he was not with the law director and defense counsel for most of the discussions about the case. Monnin agreed that he had let Law Director Busick know that there had been no obvious indicators at the time of the crash that Rocubert was extremely intoxicated but that, at the time of the pretrial, Monnin had also mentioned that the lab results were anticipated in a matter of hours. Finally, Monnin testified on cross-examination that he specifically heard Busick telling defense counsel at the January 30th pretrial that if the urine came back positive for drugs, additional charges could be brought.

{¶10} The last witness called by the defense at the motion hearing was Cory Suchland, a probation officer with the Sidney Municipal Court. Suchland testified,

without elaborating on the details, that he had spoken to Rocubert's counsel when preparing to interview Rocubert for the presentence investigation.

{¶11} On July 14, 2023, the trial court filed a judgment entry denying the motion to dismiss.

{¶12} On July 26, 2023, Rocubert filed this appeal, in which he raises one assignment of error for our review.

### Assignment of Error

**[Rocubert's] fifth amendment [*sic*] right protection [*sic*] against double jeopardy were [*sic*] violated as a result of the Indictment filed against him in the Shelby County Common Pleas Court, under Case No. 23CR000033, after pleading in the Sidney Municipal Court to a lesser included charge contained in the indictment.**

### *Analysis*

{¶13} In the sole assignment of error, Rocubert asserts that the trial court erred in failing to grant Rocubert's motion to dismiss the indictment pending against him. Rocubert argues that prosecuting him on the indictment, which charges five felony counts of Aggravated Vehicular Homicide, subjects him to double jeopardy. Rocubert's claim is based on the fact that he was previously charged with five misdemeanor counts of what he terms Vehicular Homicide, stemming from the same incident and relating to the same five victims, and that he then entered a negotiated plea of no contest to, and was found guilty of, one of those counts in exchange for a dismissal of the other four misdemeanor charges.

{¶14} The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." That constitutional guarantee prohibits three distinct scenarios: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gustafson*, 76 Ohio St.3d 425, 668 N.E.2d 435 (1996), citing *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

{¶15} "Appellate courts apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy." *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, ¶ 20.

{¶16} In this case, we shall first address Rocubert's double jeopardy claim with regard to the four misdemeanor charges that were dismissed as part of the negotiated plea that he entered in Sidney Municipal Court.

{¶17} As an initial matter, we note that the portions of the municipal court record included in the record on appeal, including the written plea agreement, the transcript of the plea hearing, and the judgment entry memorializing the no contest plea to the first count in the complaint and dismissing the four remaining counts, are silent as to whether the dismissal of the four counts was with or without prejudice. However, several of Ohio's appellate districts have held that "when a

judgment dismissing a criminal complaint fails to specify that a dismissal is with prejudice, it is to be presumed that the dismissal was intended to be without prejudice." *State v. Hunter*, 197 Ohio App.3d 689, 694, 2012-Ohio-189, citing *State v. Rodriguez,* 2d Dist. Darke No. 1722, 2008-Ohio-3377, ¶ 15; *State v. Brown,* 8th Dist. Cuyahoga No. 84229, 2004-Ohio-5587, ¶ 8. Based upon that presumption, we treat the January 30, 2023 Sidney Municipal Court judgment as dismissing the four counts (Counts B, C, D, and E) without prejudice.

{¶18} Because the dismissal of Counts B, C, D, and E in the misdemeanor complaint was without prejudice, we find that *State v. Soto*, 158 Ohio St.3d 44, 2019-Ohio-4430, is dispositive of Rocubert's double jeopardy claims relating to the crimes charged in those four counts. In *Soto*, the Supreme Court of Ohio held that the dismissal of a criminal charge pursuant to a negotiated plea agreement does not bar further prosecution for the conduct at issue in the dismissed offense. *Id*. In so holding, the Ohio Supreme Court noted that "[i]t is axiomatic that when a charge is dismissed before jeopardy attaches, the double-jeopardy protections do not prevent subsequent prosecution for the dismissed charge." *Id*., at ¶ 16. "For charges to which the defendant did not plead guilty, jeopardy does not attach until a jury is empaneled or, in a bench trial, when the judge starts taking evidence." *Id*., citing *State v. Gustafson*, *supra*, at 435. *See*, *also*, *C.K. v. State*, 145 Ohio St.3d 322, 2015-Ohio-3421, ¶ 15. Put another way, "an accused must suffer jeopardy before he can

suffer double jeopardy." *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

**{¶19}** For those reasons, and on the basis of the authority cited, we find Rocubert's double jeopardy claim as to the crimes at issue in the four dismissed misdemeanor counts to be without merit.

**{¶20}** We now turn our attention to Rocubert's double jeopardy argument regarding the conduct at issue in the misdemeanor charge to which he pled no contest, and on which he was convicted and sentenced, in Sidney Municipal Court.

**{¶21}** At the outset, we note that while Rocubert was prosecuted in municipal court by the City of Sidney and the subsequent indictment in the common pleas court was brought by the county prosecutor's office in the name of the State of Ohio, that does not affect the claim of double jeopardy. *State v. Zima,* 102 Ohio St.3d 61, 2004-Ohio-1807, ¶ 17, citing *State v. Best,* 42 Ohio St.2d 530, 533, 330 N.E.2d 421 (1975). "[T]he state and the city are parts of a single sovereignty, and double jeopardy stands as a bar to a prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other." *Best* at 533, citing *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

**{¶22}** As the question here is whether prosecution on the indicted charge of Aggravated Vehicular Homicide would violate the prohibition against double jeopardy after Rocubert was convicted of a similar misdemeanor offense stemming from the same incident and relating to the same victim, we apply the "same

elements" test set forth by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**{¶23}** As explained by the Supreme Court of Ohio in *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, at ¶ 17:

> The *Blockburger* test applies "where the same act or transaction constitutes a violation of two distinct statutory provisions" and requires the reviewing court to evaluate the elements of each statutory provision to determine "whether each provision requires proof of a fact which the other does not." *Blockburger* at 304, 52 S.Ct. 180. "'This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case.'" *Zima* [102 Ohio St.3d 61, 2004-Ohio-1807] at ¶ 20, quoting *State v. Thomas,* 61 Ohio St.2d 254, 259, 400 N.E.2d 897 (1980), *overruled on other grounds, State v. Crago,* 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), syllabus. The United States Supreme Court has summarized the *Blockburger* test as an inquiry that asks "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

**{¶24}** In the felony indictment in this case, Rocubert is charged in each count with Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(1)(a), which provides, in relevant part:

> No person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another or the unlawful termination of another's pregnancy * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶25}** As to the subsection of R.C. 2903.06, the statute with which Rocubert was charged with violating and convicted of in municipal court, the portions of the

municipal court record before us reflect conflicting information. The allegations contained in the body of each count of that complaint are that Rocubert, while operating a motor vehicle, caused the death of another or the unlawful termination of another's pregnancy as the proximate result of committing a violation of a section contained in Title XLV of the Ohio Revised Code that is a minor misdemeanor. Such an allegation charges the crime of Vehicular Manslaughter, a second-degree misdemeanor in violation of R.C. 2903.06(A)(4). However, notwithstanding the charging language in each count of the misdemeanor complaint, the complaint then states that Rocubert is being charged in each count with Vehicular Homicide, a first-degree misdemeanor in violation of R.C. 2903.06(A)(3). The rest of the municipal court record included in the appellate record here, including the written plea agreement, the transcript of the plea hearing, and the judgment entry memorializing the no contest plea to the first count of the complaint and dismissing the four remaining counts, reflects that counsel for both parties and the municipal court judge all apparently believed that Rocubert was charged with Vehicular Homicide in violation of R.C. 2903.06(A)(3), and that he was convicted of, and then sentenced for, a violation of that subsection, regardless of the charging language in the complaint setting forth the elements of a related, but different, crime.

{¶26} As the validity of Rocubert's conviction and sentence in the Sidney Municipal Court is not before us in this appeal, we decline to make a determination as to which crime he was actually charged with and convicted of in the misdemeanor

-11-

case. Rather, for purposes of analyzing Rocubert's double jeopardy claim as to the charge contained in Count A of the misdemeanor complaint, and to which he pled no contest, we opt to apply the *Blockberger* test to both of the subsections of R.C. 2903.06 that are implicated in the misdemeanor complaint, being R.C. 2903.06(A)(3) and R.C. 2903.06(A)(4).

R.C. 2903.06(A)(3) provides, in relevant part:

No person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

(a) [n]egligently;

(b) [a]s the proximate result of committing, while operating or participating in the operation of a motor vehicle or motorcycle in a construction zone, a speeding offense, provided that this division applies only if the person whose death is caused or whose pregnancy is unlawfully terminated is in the construction zone at the time of the offender's commission of the speeding offense in the construction zone and does not apply as described in division (F) of this section.

R.C. 2903.06(A)(4) provides, in relevant part:

No person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another or the unlawful termination of another's pregnancy * * * [a]s the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor.

{¶27} As required by the *Blockburger* test, upon comparing the elements of R.C. 2903.06(A)(3) or the elements of R.C. 2903.06(A)(4) to the elements of R.C.

-12-

2903.06(A)(1)(a), *supra*, we conclude that the felony-level Aggravated Vehicular Homicide with which Rocubert is indicted does not constitute the same offense as either the Vehicular Homicide or the Vehicular Manslaughter referenced in the misdemeanor complaint because, in all instances, the felony offense contains an element not found in the misdemeanor charge and the misdemeanor charge contains an element not found in the felony charge. As the indicted offense at issue is not the same offense as any of the misdemeanor offenses at issue, the double-jeopardy protections of the Fifth Amendment do not bar prosecution on the indictment in this case with regard to the charge to which Rocubert pled no contest in Sidney Municipal Court.

{¶28} Accordingly, for the reasons stated, Rocubert's assignment of error is overruled.

*Conclusion*

{¶29} Having found no error prejudicial to the defendant-appellant, Dayren Rocubert, in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**